FILED '09 SEP 18 10:47 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DUNN & FENLEY, LLC, An Oregon )
Limited Liability Company )
DBA K DUNN & ASSOCIATES, )
)
       Plaintiff, )
)Civ. No. 06-6243-TC
  vs. )
)OPINION AND ORDER
DANIEL K. DIEDERICH, )GRANTING PLAINTIFF LEAVE
An Individual, )TO FILE AN AMENDED COMPLAINT
)
       Defendant. )
_____)

COFFIN, Magistrate Judge:

    Plaintiff DUNN & FENLEY, LLC brings this copyright infringement and breach of contract case alleging that defendant Daniel Diederich infringed on Dunn & Fenley's copyrighted materials and breached a contractual agreement. Plaintiff seeks leave to file a first amended complaint and requests oral argument on the motion. (Doc. 41.) I decline to set oral argument as it is unnecessary, and I grant plaintiff's motion for reasons discussed below.

///

///

1 Opinion and Order

## Legal Standard

A party may amend a pleading once as a matter of course before a responsive pleading or within 20 days after serving the pleading, but, in all other cases, may only amend by consent of the opposign party of leave of the court. Fed. R. Civ. P. 15(a). "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend is within the trial court's discretion, but that discretion "should be guided by the underlying purpose of Rule 15(a) which was to facilitate decisions on the merits, rather than on technicalities or pleadings." In re Morris, 363 F.3d 891, 894 (9th Cir. 2004)(internal citations omitted). In giving leave to amend, a district court may consider "factors such as bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether leave to amend has previously been granted." Id.

## Background

Plaintiff Dunn & Fenley is a consulting business based in Eugene, Oregon that, among other things, advises individuals and business on how to market, promote, and advertise estate planning services, including the use of seminars for those purposes. Defendant Daniel Diederich is an attorney practicing in Kansas. Dunn & Fenley's original complaint alleged causes of action for copyright violations and breach of contract. It alleged that Dunn & Fenley and Diederich entered into a month-to-month licensing agreement through which Diederich paid for an exclusive license agreement  to use Dunn & Fenley's copyrighted materials in a

2 Opinion and Order

1  limited geographic territory. The parties amended their original
2  contract twice, extending it through November 30, 2005. Dunn &
3  Fenley alleges that Diederich terminated the agreement on November
4  30, 2005 but breached the parties' contract and infringed on Dunn
5  & Fenley's copyrighted materials by, among other things,
6  reproducing and distributing the copyrighted materials or materials
7  substantially similar to the copyrighted ones without
8  authorization. Now, Dunn & Fenley seeks to file a first amended
9  complaint.

### Analysis

Dunn & Fenley has filed two other copyright infringement and breach of contract cases in this district: <u>Dunn & Fenley v. L. Shawn Wong an individual dba as Eyes of Texas Laser Center</u>, Case No. 06-6281-TC[1] and <u>Dunn & Fenley v. North Carolina Eye, Ear, Nose & Throat, P.A. et al.</u>, Case No. 09-6095-TC. The three cases allege infringement on different materials: the instant case alleges infringement on estate planning seminar materials, while the <u>Wong</u> and <u>North Carolina Eye Ear, Nose and Throat</u> cases allege infringement on LASIK seminars as well as other materials developed by Dunn & Fenley. (06-6281, doc. 46; 09-6095, doc 1.) Otherwise, however, the copyright infringement and breach of contract allegations are virtually identical and the same lawyers represent

---

[1] Based on a stipulated motion to change or transfer venue, I transferred this case to the Portland division on June 9, 2009. (Docs. 32, 33.) I later realized that because Dunn & Fenley was based in Eugene, this transfer was in error. The case was reassigned to me and transferred back to the Eugene division on September 10, 2009. (Doc. 47.)

3 Opinion and Order

1 the parties in each case-Kenneth R. Davis of Lane Powell, PC
2 represents Dunn & Fenley and Michael Ratoza of Bullivant Houser
3 Bailey PC represents each of the defendants.
4     The motion seeking leave to file an amended complaint in the
5 instant case is substantially similar to the motion to file an
6 amended complaint filed in <u>Wong</u>, Civ. No. 06-6281. (06-6281, doc.
7 39.) Defendant's objection to Dunn & Fenley's motion to file an
8 amended complaint are identical to the objections filed in <u>Wong</u>
9 Civ. Case No. 06-6281. (Doc. 43.) Thus, I adopt the following
10 conclusions and supporting analysis from the Hon. Paul Papak, who
11 ruled on Dunn & Fenley's motion to amend and the same objections in
12 <u>Wong</u>, Civ. Case No. 06-6281 (D. Or. September 9, 2009):
13     1. The proposed amended complaint sets forth sufficient facts
14 to support a copyright action.
15     2. The proposed amended complaint sets forth sufficient facts
16 to support a breach of contract action.
17     The copyright infringement claim in the proposed complaint
18 adds allegations that Diederich's conduct placed him in direct
19 competition for client's with Dunn & Fenley and adds to the
20 copyrighted works at issue. Although only the copyright
21 registration for the Estate Planning Seminar Ads are attached to
22 exhibit 1 of the proposed complaint, the non-conclusory allegations
23 in the complaint include the registration numbers for the
24 copyrighted material and exhibits of the allegedly infringing
25 material. This establishes sufficient facts to support a copyright
26 infringement claim: Dunn & Fenley's ownership of the copyright and

4 Opinion and Order

that Diederich's allegedly copied elements of the copyrighted work. <u>Kling v. Hallmark Cards, Inc.</u>, 225 F.3d 1030, 1037 (9th Cir. 2000).

In support of its breach of contract claim in the proposed complaint, Dunn & Fenley alleges that it entered into a contract with Deiderich, fully performed the contract without breach, and that Diederich breached the contract by continuing to use, reproduce, and publish derivatives of Dunn & Fenely's copyrighted works without payment after termination of the parties' agreement. It further alleges damages in an amount at least equal to Dunn & Fenley's lost monthly license fees. A copy of the parties' agreement is attached as exhibit 2, and examples of Diederich's alleged infringing use are attached as well. In short, the proposed complaint alleges the essential elements of a breach of contract case: the existence of a contract, its relevant terms, plaintiff's full performance and lack of breach, and defendant's breach resulting in damage to plaintiff. <u>Fleming v. Kids and Kin Head Start</u>, 71 Or. App. 718, 721 (1985).

Finally, Diederich has not asserted that he will suffer any prejudice as a result of the proposed amendment.

## Conclusion

Dunn & Fenley's Motion for Leave to File Amended Complaint/Petition (doc. 41) is granted.

Dated this 14 day of September, 2009.

THOMAS M. COFFIN
United States Magistrate Judge

5 Opinion and Order